IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OSCAR SOLIS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-653-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Oscar Solis, TDCJ-ID #657875, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Edinburg, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Solis is currently serving a 15-year sentence on his 1993 conviction for injury to a child in cause number 8561 in the 118th Judicial District Court of Howard County, Texas. (State Habeas R. at 7) Solis was later released on parole, which was revoked on May 17, 2005, following a revocation hearing, due to his arrest for making a terroristic threat to Sherry Conley, a violation of Rule #2 of the terms and/or conditions of his release.[1] (Petition, Exhibits A-D) Solis was never formally charged with a new criminal offense however. Solis filed a state habeas application on November 8, 2006, complaining, as he does now, of the lack of an evidentiary basis for the revocation and the hearing officer's abuse of discretion in recommending revocation on insufficient evidence and contradicting testimonies. (Petition at 7(a)-7(D); State Habeas R. at 18-19) The Texas Court of Criminal Appeals denied his state habeas application without written order on January 17, 2007. *Ex parte Solis*, Application No. 66,570-01, at cover. Solis filed this federal petition on September 30, 2007.[2] As directed, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Solis filed objections.

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] It is unclear whether Solis was released on parole or mandatory supervision, as he refers to both. Because it does not affect the recommendation, *infra*, for purposes of these findings and conclusions, it is assumed that Solis was released on parole.

[2] A prisoner's pro se habeas petition is deemed filed when it is handed over to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication). *See also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Solis

knew, or could have discovered through due diligence the basis for his claims, all of which are relevant to the revocation proceedings, on the date his parole was revoked. Accordingly, the statute of limitations began on Solis's claims on May 17, 2005, the date his parole was revoked, and closed one year later on May 17, 2006, subject to any applicable tolling.

Solis pursued state habeas relief, however, his state habeas application filed on November 8, 2006, after the federal limitations period had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The record also reflects that, on September 16, 2005, following revocation of his parole, Solis sought time credit dispute resolution through the prison's administrative review process, and that, on April 6, 2006, TDCJ notified Solis in writing that there was no error in his time calculations. (Pet'r Objections, Exhibit 5) *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Although this Court has held that the pendency of a prison grievance procedure such as the one involved here, which is mandated by § 501.0081 of the Texas Government Code, tolls the running of the statute of limitations, the record does not reflect the precise time-credit complaint(s) raised by Solis in the administrative proceeding or that he pursued the administrative review process through completion. *See Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). Thus, Solis is not afforded statutory tolling during the pendency of the administrative time credit dispute resolution proceedings.

Nor has Solis demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is available only in rare and exceptional circumstances, which must be examined on a case-

4

by-case basis. *See Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally where the petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Further, a petitioner must diligently pursue habeas relief to be entitled to equitable tolling. *Alexander*, 294 F.3d at 629.

Solis asserts that he diligently pursued his rights and that, because new criminal charges were never filed, he is actually innocent of violating rule #2 of the conditions of his release. Given these circumstances, he contends it is unfair, and there exists no basis, for revocation. However, a revocation proceeding is not a criminal trial. A criminal prosecution is governed by the reasonable doubt standard, while the state's burden of proof in a parole or mandatory supervision revocation hearing is considerably less. *See Villareal v. United States Parole Comm'n.*, 985 F.2d 835, 839 (5th Cir. 1993). To lawfully revoke supervised release, an arrest, charge and ultimate conviction of a new criminal offense is not required. The hearing officer may consider evidence of new criminal conduct so long as some factual support exists that the releasee engaged in the conduct. *See id.*; *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997). The fact that no criminal charges were filed does not remove all factual support from the revocation hearing that Solis engaged in the alleged criminal conduct. Although a complete record of the revocation proceedings has not been provided by the parties, the affidavit of the complainant, Sherry Conley, is some evidence that Solis engaged in terrorist threats. (Petition, Exhibit B) The parole revocation was therefore proper.

Accordingly, Solis's federal petition was due on or before May 17, 2006. His petition, filed on September 30, 2007, was therefore untimely.

## II. RECOMMENDATION

Solis's petition for writ of habeas corpus should be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

6

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 31, 2008.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE